UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEILA M.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

**DECISION AND ORDER**

1:22-CV-00874 CDH

## INTRODUCTION

Plaintiff Leila M. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying her application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 9; Dkt. 12; Dkt. 13). For the reasons that follow, the Court denies Plaintiff's motion and grants the Commissioner's motion.

## BACKGROUND

On November 27, 2018, Plaintiff protectively filed an application for DIB. (Dkt. 6 at 87, 299).[1] Her application was initially denied on April 10, 2020, and upon reconsideration on August 13, 2020. (*Id.* at 87, 329-53). Plaintiff requested a hearing

---

[1]    In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

before an administrative law judge ("ALJ") (*id.* at 354), which was held on July 30, 2021 (*id.* at 116-41). On August 18, 2021, the ALJ issued an unfavorable decision. (*Id.* at 84-115). Plaintiff sought review from the Appeals Council, which denied her request on September 15, 2022. (*Id.* at 6-12). This action followed. (Dkt. 1).

## LEGAL STANDARD

### I.    Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. § 404.1520(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id.* § 404.1520(a)(4)(ii). An impairment is "severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* § 404.1520(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(a)(4)(iii).   If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id.* § 404.1509, the ALJ must determine the claimant's residual functional capacity ("RFC"), *id.* § 404.1520(e). "The

Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. § 404.1545.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. § 404.1520(a)(4)(v).

## II.    Review by the Court

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for DIB. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (citation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Plaintiff was disabled. Before proceeding to step one, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2023. (Dkt. 6 at 90).

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since July 1, 2018, the alleged onset date. (*Id*.). The ALJ found at step two that Plaintiff had the following severe impairments: "obesity, cervicalgia, multiple sclerosis, migraine headaches, asthma, chronic kidney disease (CKD), depression disorder and anxiety disorder[.]" (*Id*.). The ALJ also concluded that Plaintiff had the non-severe impairment of sweating abnormality. (*Id*. at 90-91).

The ALJ found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id*. at 91-93). The ALJ particularly considered the criteria of Listings 1.15, 3.03, 6.05, 11.02, 11.09, 12.04 and 12.06, and also considered the impacts of Plaintiff's obesity in accordance with Social Security Ruling 19-2p. (*Id*.).

- 4 -

The ALJ assessed Plaintiff's RFC and determined that Plaintiff retained the ability to perform sedentary work as defined in 20 CFR 404.1567(a), with the addition limitations that:

> [Plaintiff] can occasionally climb ramps and stairs; can never climb ropes, ladders or scaffolds; and can occasionally stoop crouch kneel and crawl. [She] cannot have exposure to unprotected heights or hazardous machinery. [She] must avoid exposure to respiratory irritants such as fumes, odors, dust, gases and poorly ventilated areas. [She] must avoid concentrated exposure to bright lights such as sport venues, concert events, movies and firework displays. [She] is capable of performing occupations with no more than moderate sound level. [She] can understand, remember and carry out simple, routine repetitive work related tasks.

(*Id.* at 93). The ALJ then proceeded to step four and found that Plaintiff was unable to perform any past relevant work. (*Id.* at 108).

The ALJ found at step five that—considering Plaintiff's age, education, work experience, and RFC—there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 108-09). The ALJ ultimately concluded that Plaintiff was not disabled, as defined in the Act, from July 1, 2018, through the date of the ALJ's decision. (*Id.* at 109).

## II.    The Commissioner's Final Determination is Supported by Substantial Evidence and Does Not Contain a Reversible Legal Error

Plaintiff argues that the Appeals Council "failed to properly evaluate new and material evidence that undermined the ALJ's conclusions." (*See* Dkt. 9-1 at 1). The Court is unpersuaded by this argument, for the reasons set forth below.

"The Appeals Council must consider new and material evidence if it relates to the relevant time period." *McIntire v. Astrue*, 809 F. Supp. 2d 13, 21 (D. Conn. 2010). "Once evidence is added to the record, the Appeals Council must then consider the

entire record, including the new evidence, and review a case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (quotation omitted). "[T]he Appeals Council need not provide much, if any, reasoning when it evaluates additional evidence presented." *Torres v. Comm'r of Soc. Sec.*, No. 22-CV-00003-MJP, 2024 WL 5090815, at *3 (W.D.N.Y. Dec. 12, 2024); *see also Christine M. R. v. Saul*, No. 3:19CV01752(SALM), 2021 WL 129415, at *8 (D. Conn. Jan. 14, 2021) ("In denying review of an ALJ's decision, the Appeals Council is not obligated to explain the weight it assigns to any newly submitted evidence.").

In this case, Plaintiff submitted several items of additional evidence to the Appeals Council, including a Multiple Sclerosis Medical Source Statement Questionnaire completed by physician's assistant ("PA") Tanya Geist on August 4, 2022, a medical examination for employability assessment completed by PA Geist on July 24, 2022, a letter authored by PA Geist on June 9, 2022, and additional treatment records. (Dkt. 6 at 26-66). The Appeals Council considered this evidence and determined that it did "not show a reasonable probability that it would change the outcome of the decision." (*Id*. at 7).

Plaintiff argues that—contrary to the Appeals Council's conclusions—PA Geist's opinions, which contain limitations more significant that those included in the ALJ's RFC finding, "were relevant to Plaintiff's physical conditions and symptoms during the period at issue" and "could have influenced the ALJ to decide the case differently." (Dkt. 9-1 at 14). The Commissioner argues in opposition that PA Geist's opinions did not relate to the time period at issue and were further "inconsistent with

and not supported by her own treatment notes during the relevant period." (Dkt. 12-1 at 8).

"Medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely based on timing." *James F. v. Comm'r of Soc. Sec.*, No. 1:22-CV-00049 EAW, 2023 WL 4072443, at *7 (W.D.N.Y. June 20, 2023) (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). "For example, subsequent evidence of the severity of a claimant's condition may demonstrate that 'during the relevant time period, [the claimant's] condition was far more serious than previously thought.'" *Newbury v. Astrue,* 321 F. App'x 16, 18 n.2 (2d Cir. 2009) (quoting *Pollard,* 377 F.3d at 193). But the Appeals Council need not reconsider the ALJ's determination based on "evidence that does not provide additional information about the claimant's functioning during the relevant time period, but instead relates to his or her functioning at some later point in time[.]" *James F.*, 2023 WL 4072443, at *7.

Here, the relevant time period was from July 1, 2018, to August 18, 2021. PA Geist's opinions were generated beginning approximately 10 months later. Having carefully considered the evidence of record, the Court finds no reversible error in the Appeals Council's determination that PA Geist's opinions did not show a reasonable probability of changing the ALJ's decision.

PA Geist's June 2022  letter does not provide an analysis of Plaintiff's limitations, but states that Plaintiff "has been unable to work since 2018 due to symptoms related to her MS in addition to other medical conditions." (Dkt. 6 at 39). But the Commissioner's regulations provide that "[s]tatements that [claimants] are or are not disabled, blind, able to work, or able to perform regular or continuing work"

are "inherently neither valuable nor persuasive" and are not required to be analyzed in making a disability determination. 20 C.F.R. § 404.1520b(c)(3). The Appeals Council properly concluded that PA Geist's June 2022 letter could not reasonably be expected to change the ALJ's decision.

Unlike the June 2022 letter, the opinions provided by PA Geist in July and August of 2022 do provide an assessment of Plaintiff's functioning. (*See* Dkt. 6 at 25-37). But neither of these opinions purports to be retrospective. To the contrary, PA Geist noted in her August 2022 opinion that Plaintiff's symptoms were worsening over time. (*Id.* at 26, 30). PA Geist also expressly indicated that she was basing her opinion on a functional capacity evaluation performed in July 2022, eleven months after the relevant time period ended. (*Id.* at 29). PA Geist also noted the progressive nature of Plaintiff's condition in her July 2022 opinion. (*Id.* at 36).

PA Geist's treatment notes confirm that Plaintiff's condition had significantly declined since the relevant time period. A progress note from April of 2022 observes a "six-month deterioration" in Plaintiff's condition, including deterioration in the ability to walk, "new left lower extremity weakness," and "new[] left-sided sensory deficits and imbalance." (Dkt. 6 at 47). Further, treatment notes from within the relevant time period are inconsistent with the limitations identified by PA Geist in July and August of 2022, inasmuch as they show cautious but stable gait, full strength bilaterally in the upper and lower extremities, normal bulk and tone, normal coordination, intact sensation, and the ability to walk on toes and heels without difficulty. (*See* Dkt. 6 at 580, 589, 736, 939). By contrast, in April 2022, Plaintiff was unable to walk on toes and heels, had decreased strength in her quadriceps and

hamstrings, had decreased heel to shin coordination, and had diffuse decreased sensation in her left upper and lower extremities. (*Id.* at 47).

The Court finds no error in the Appeals Council's determination that NP Geist's July and August 2022 opinions, which were issued after a documented deterioration in Plaintiff's condition, had no reasonable probability of changing the ALJ's determination. *See Vitale v. Apfel*, 49 F. Supp. 2d 137, 142 (E.D.N.Y. 1999) ("While the existence of a pre-existing disability can be proven by a retrospective opinion, such an opinion must refer clearly to the relevant period of disability and not simply express an opinion as to the claimant's current status"). Plaintiff has identified no other purported error in the Appeals Council's decision or the ALJ's underlying determination. Accordingly, there is no basis for the Court to disturb the Commissioner's decision as to Plaintiff's application.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 12) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 9) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:        March 30, 2026
              Rochester, New York